411 F.Supp. 742 (1976)
Stanley M. ROSENBLUM et al., Plaintiffs,
v.
UNITED STATES of America, Defendant.
No. 75-731C(2)
United States District Court, E. D. Missouri, E. D.
February 23, 1976.
*743 Stanley M. Rosenblum, pro se.
Merle L. Silverstein, pro se.
Stevens J. Stogel, Clayton, Mo., for plaintiffs.
Richard F. Mitchell, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., Donald J. Stohr, U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
REGAN, District Judge.
Following the September 9, 1974 conviction of plaintiff Edward Yawitz on charges of evasion of federal income taxes, the Internal Revenue Service made jeopardy tax assessments totalling several hundreds of thousands of dollars against Yawitz, his wife, and Clardel Drug Company (collectively referred to as taxpayers). Demand for payment was given and on September 16, 1974 notice of federal tax liens were duly filed. Litigation is now pending in the United States Tax Court with respect to the tax assessments.
On about September 11, 1974, taxpayers contracted with the law firm of Rosenblum, Goldenhersh, Silverstein and Zafft (collectively referred to as the law firm) to represent them in the Tax Court litigation and any subsequent appeals. About a month later, the taxpayers paid law firm sums aggregating in excess of $40,000 in payment of agreed fees for representing taxpayers in the tax litigation and the anticipated costs in connection therewith. The moneys were deposited in special bank accounts. Law firm notified IRS, whereupon levies were served on law firm on November 8, 1974, and on November 13, 1974, the money was surrendered to an agent of the IRS in response to the levies. Requests for the return of the moneys were disallowed.
Alleging that the combination of the jeopardy assessments, tax lien notices and levies, whereby the Government seized the moneys they paid for counsel fees and expenses, has effectively deprived taxpayers of an opportunity to defend their property interests in the tax litigation, in violation of the Fifth and Sixth Amendments to the Constitution of the United States, this suit was filed for the return of the moneys to the law firm. The Government has moved to dismiss and for summary judgment.
There can be no question but that the law firm received the moneys in November, 1974, fully encumbered by the federal tax liens, and that insofar as the law firm is concerned, it has no protectable interest in the moneys which were seized by the IRS. See Sections 6321 and 6323(a), 26 U.S.C. Prior to the receipt of the moneys and the levies, the law firm was simply a contract creditor, a status which gave it no rights in the funds subsequently paid to it. No facts are alleged (and the law firm asserts only the constitutional claims of taxpayers) to support the conclusory allegation that the moneys were "wrongfully" collected. And insofar as taxpayers are concerned, the sole basis of their claims is that by virtue of the totality of the government's seizure of their assets, they will have been rendered helpless to prosecute the Tax Court proceedings unless funds are released to enable them to compensate competent counsel such as plaintiff law firm. These facts are not disputed by the Government.
In this situation what was said in Human Engineering Institute v. Kopas, 61 T.C. 61, 64-65, is appropos:
"A taxpayer who is faced with a trial of a claim against him by the Federal Government for alleged unpaid taxes and whose total assets have been subjected to a jeopardy assessment by that same Government, is in a difficult position. In such a situation, the judicial mind instinctively wonders how such taxpayer can be protected in terms of the trial and about the extent *744 to which his constitutional guarantees, particularly under the due process clause of the fifth amendment, are involved. That wonder is broadened where the taxpayer also asserts that the Commissioner of Internal Revenue has acted arbitrarily and capriciously in respect of the jeopardy assessment and/or the deficiency notices in violation of claimed constitutional rights."
The hard-nosed attitude of the Government in the present case is difficult to comprehend. However, much as we sympathize with taxpayers' plight, our authority does not extend to the grant of the relief here prayed for. In Human Engineering, the Court noted (l.c. 67-68) that situations may exist "where some action by the trial judge may be indicated to avoid placing an undue burden on the court or to protect the integrity of the judicial process." Whether such action is appropriate in the circumstances of the present case is, however, for the Tax Court to determine. A separate proceeding in this Court to protect the litigating taxpayers against an asserted violation of their constitutional rights is not permissible under the instant facts. It follows that the complaint should be dismissed without prejudice.